```
                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION


RICHARD D. NELSON, AS TRUSTEE   :    NO. 1:09-CV-00750
OF PETRO ACQUISITIONS, INC.     :
                                :
        Plaintiff,              :
    v.                          :    ORDER AND OPINION
                                :
                                :
WALNUT INVESTMENT PARTNERS,     :
L.P., et al.,                   :
                                :
        Defendants.             :
```

This matter is before the Court on Defendant's Motion to Stay Pending Appeal (doc. 56), Plaintiff's Response in Opposition (doc. 59), and Defendant's Reply (doc. 60). For the reasons indicated herein, the Court GRANTS Defendant's Motion.

The Court stayed enforcement of judgment in this matter on August 4, 2011 on the condition of Defendant posting a $3,000,000 cash deposit with the Court, as security for judgment pending appeal (doc. 52). Such stay was set to expire on September 30, 2011 (Id.). Defendant Walnut Investment Partners, LP ("Walnut") now seeks to extend the stay of enforcement for the duration of its appeal, on the basis of the $3,000,000 escrow deposit in lieu of a bond (doc. 56). In Defendant's view, a continuing stay is appropriate because the deposit with the clerk of courts adequately protects the interests of the parties, and because the discretionary factors governing the issuance of a stay weigh in its favor (Id.).

Plaintiff opposes an extension of the stay, contending there are no assurances that he will get the amount rightfully owed to him at the conclusion of Walnut's appeal (doc. 59). Plaintiff argues the evidence suggests Walnut will have insufficient funds to pay the judgment if he is not permitted to pursue collection efforts immediately (Id.). Specifically, Plaintiff argues the $3,000,000 deposit is insufficient to cover the judgment of $3,492,745.58, including interest as of September 14, 2011, which continues to accrue at the rate of $301.37 per day (Id.). Consequently, Plaintiff argues, the amount on deposit does not protect his interests as it does not ensure payment of the full judgment (Id.). Plaintiff further contends that an extension of the stay would jeopardize the availability of Walnut's assets to satisfy the judgment at conclusion of the appeal (Id.). Plaintiff contends this is the case because due to Walnut's obligations to the United States Small Business Administration ("SBA"), under which the SBA can at its discretion, recall Walnuts' assets at any time or force Walnut into a stipulated receivership (Id.). Moreover, Plaintiff contends, Walnut has worked out a wind-down plan with the SBA to liquidate assets to repay the SBA (Id.). This evidence, according to Plaintiff, shows that Walnut's assets will only continue to dissipate pending the appeal (Id.). In Plaintiff's view, the discretionary factors weighed in consideration of a stay show that an extension of a stay is not

warranted.

Having reviewed this matter, the Court finds Defendant's position well-taken that Plaintiff's interests are adequately protected by the $3,000,000 deposit, during the pendency of the appeal.  Under Hilton v. Braunskill, 48 U.S. 770, 776 (1987), the Court must consider 1) whether Defendant has made a strong showing that it is likely to succeed on the merits of its appeal, 2) whether Walnut will be irreparably injured in the absence of a stay, 3) whether the issuance of the stay will irreparably injure Plaintiff, and 4) the effect on the public interest.  Here, Defendant has raised numerous grounds for its appeal, including the Court's interpretation of Ohio Rev. Code § 1701.35, which it used to justify the recoupment of funds under 11 U.S.C. § 544; and its view that the Court improperly determined disputed issues of material fact.  Walnut has further shown that should the stay dissolve, and Plaintiff resumes his collection efforts, Walnut could be forced into liquidation by the SBA.  Walnut has demonstrated that the appeal is on track such that Plaintiff is not facing irreparable injury.  Finally, the Court agrees that allowing the stay to be extended would preserve SBA public funds while the merits of Walnut's case are reviewed, and the public interest would not be served by the necessity to recoup assets should the Court be reversed.  In the Court's view, simply put, due to the precarious nature of Walnut, and its obligations to the SBA, the trustee would

be better served by the issuance of a stay.

   Accordingly, the Court GRANTS Defendant's Motion to Stay Pending Appeal (doc. 56), to the extent that it STAYS this matter until December 31, 2011, or until the appeal of this matter is resolved, whichever first occurs.

SO ORDERED.

Dated: September 28, 2011   s/S. Arthur Spiegel
              S. Arthur Spiegel
              United States Senior District Judge